UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYLER JACOB WALLACE,<br>Plaintiff,<br>v.<br>WALKER, et al.,<br>Defendants. | CASE NO. 2:26-CV-3297-RAJ-DWC<br><br>ORDER DECLINING TO SERVE COMPLAINT |

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Tyler Jacob Wallace, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by November 6, 2026, to cure the deficiencies identified herein.

//

//

//

**I. Background**

In the Complaint, Plaintiff, an inmate at the Monroe Correctional Complex-SRTC ("MCC-SRTC"), in Monroe, Washington, alleges Defendants were deliberately indifferent to his medical needs. Dkt. 4 at 12-17. Plaintiff requests compensatory and punitive damages. *Id.* at 19.

**II. Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is, therefore, to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an

act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must instead allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

A. Statute of Limitations

Plaintiff was prescribed lithium by Dr. Walker, a Washington State Penitentiary ("WSP") medical staff member, to address Plaintiff's auditory hallucinations. Dkt. 4 at 3, 14. Specifically, Plaintiff was prescribed 2,400 mg of lithium daily. *Id.* at 4. Around May 1, 2021, Plaintiff discovered that he allegedly had toxic levels of lithium in his system. *Id.* On September 14, 2023, Plaintiff was diagnosed with from Long QT Syndrome ("LQTS"). *Id.* at 4.[1] Since that time, Plaintiff has experienced chronic chest pain. *Id.* Plaintiff alleges that prior to May 1, 2021, he "had no heart abnormalities or any other sort of heart condition." *Id.* at 3.

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts

[1] LQTS "is a heart rhythm disorder that causes fast, chaotic heartbeats." *Long QT Syndrome*, MAYO CLINIC (July 19, 2024), https://www.mayoclinic.org/diseases-conditions/long-qt-syndrome/symptoms-causes/syc-20352518. LQTS can be congenital, meaning it is present from birth, or it can develop later because of a medication or other health condition. *Id.*

permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash. App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984).

Plaintiff filed his Complaint on September 9, 2026, meaning any claim arising prior to September 9, 2023, is barred by the statute of limitations. Dkt. 4; RCW § 4.16.080(2). Plaintiff alleges part of the conduct giving rise to the claim in this case occurred on May 1, 2021. *Id.* at 12. But from the allegations contained in the Complaint, it is unclear whether Plaintiff had actual notice of the underlying facts in this case several years prior to filing this lawsuit. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Plaintiff's Complaint has a two-year gap in the factual summary which leaves out details regarding Defendants' alleged knowledge of Plaintiff's condition, the prescribed treatment or lack thereof, and other relevant information. Furthermore, Plaintiff has not shown statutory or equitable tolling is applicable.

Accordingly, any claim arising prior to September 9, 2023, is barred and should be dismissed.

B. Non-State Actor

Plaintiff alleges that Dr. Sephyr Maxood, a cardiologist at Providence St. Mary Medical Center, in Walla Walla, Washington, continuously ignored Plaintiff's reports about his heart condition and deliberately omitted test results that showed abnormal findings. Dkt. 4 at 10-13.

"Generally, private persons cannot be liable under section 1983 unless their actions were 'clothed' with governmental authority." *Goehring v. Wright*, 858 F. Supp. 989, 997 (N.D. Cal. 1994); *see O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes), *cert. denied*, 144 S. Ct. 2715, 219 L. Ed. 2d 1318 (2024).

Here, Plaintiff concedes Dr. Maxood is a private doctor. Dkt. 4 at 17. *O'Handley*, 62 F.4th at 1155-56. And Plaintiff has not sufficiently alleged facts to show that Dr. Maxood was acting under the color of law when treating Plaintiff for the purposes of § 1983 liability. *See Yesilevsky v. Redmond*, 2020 WL 4370957 (C.D. Cal. April 1, 2020) (discussing and determining a hospital and its employees were not state actors).

Therefore, Plaintiff has failed to state a claim upon which relief can be granted as it pertains to Dr. Maxood.

C. Deliberate Indifference to Medical Needs

Plaintiff argues that Defendants Walker, Ting, Summers, and Ball ("Defendants") were deliberately indifferent to his medical needs. Dkt. 4 at 12-17. Plaintiff alleges that Defendants minimized his condition and did not timely arrange for him to be seen by a cardiologist, resulting

in more damage to his heart and unnecessary pain. *Id.* at 14. Because of this, Defendants did not provide him with reasonable and adequate care. *Id.* at 18.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer*, 511 U.S. at 834. Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. Accordingly, a prison official will not be found deliberately indifferent to a prisoner's serious

medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Hutchinson*, 838 F.2d at 394. The Court also recognizes differences of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id*. (*citing Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Here, Plaintiff's allegations do not demonstrate Defendants were deliberately indifferent to his medical needs. Plaintiff maintains that "lithium toxicity can cause damage to the human body in many ways[, i]ncluding heart problems." Dkt. 4 at 6. Plaintiff then asserts that "one could easily infer that" Defendants are "attempting to downplay an actual serious heart condition" by their omissions. *Id.* at 7.

The allegations show that, at most, Plaintiff disagrees with Defendants' prescribed treatment and their determination that he does not have any major issues with his heart. For instance, Plaintiff argues his prescription for 2,400 mg of lithium per day resulted in him overdosing, but Dr. Walker told Plaintiff that patients could take up to 4,300 mg daily. *Id.* at 6. Relatedly, it is unclear whether Defendants were aware that Plaintiff's dosage of lithium was too high and whether that resulted in Plaintiff's heart condition. In other words, Plaintiff has not

alleged facts demonstrating that Defendants purposefully prescribed a dosage that would result in lithium toxicity. *McGuckin*, 974 F.2d at 1060.

Plaintiff also states he had a medical emergency in 2024 where he had an elevated blood pressure and pulse. *Id.* He claims this was a result of his cardiovascular issues, but alleges Defendants Ball and Summers believed that it was a result of a hernia and informed Plaintiff that he had no issues with his heart function. *Id.*at 9. Again, Plaintiff has not alleged sufficient facts demonstrating that Defendants purposefully failed to respond to his alleged cardiovascular issues. *McGuckin*, 974 F.2d at 1060.

Moreover, Plaintiff's claims that Defendants did not provide adequate medical treatment are conclusory and not supported by the record. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). Since 2023, Defendants have facilitated numerous appointments for electrocardiograms and echocardiograms. *Id.* at 4-13. And Plaintiff was most recently seen by a cardiologist and prescribed a heart monitor in 2026. *Id.* at 13.

Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

## III. Conclusion

Because of the deficiencies identified above, the Court declines to direct Plaintiff's complaint be served on Defendants. Plaintiff is granted leave to file an amended complaint curing the noted deficiencies on or before November 6, 2026. Plaintiff must ensure that the amended complaint carries the same case number as his original complaint. If Plaintiff fails to timely respond to this Order, the Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing H*al Roach*

*Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested. Further, attachments to an amended complaint will not be considered in analyzing whether the amended complaint states a claim.

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 7th day of October, 2026.

David W. Christel
United States Magistrate Judge